ROTH ET AL., APPELLANTS, *v.* PUBLIC EMPLOYEES RETIREMENT
BOARD OF OHIO ET AL., APPELLEES.*

[Cite as Roth v. Public Employees Retirement Bd.
(1975), 44 Ohio App. 2d 155.]

(No. 74AP-403—Decided January 28, 1975.)

*Gene Mesh Co.,* L. P. A., for appellants.
*Mr. William J. Brown,* Attorney General, and *Mr.
Thomas R. Anderson,* for appellees.

HOLMES, J. This matter involves the appeal of a de-
claratory judgment entered in the Common Pleas Court of
Franklin County, Ohio, which determined that R. C. 145.02,
the section of law dealing with exclusions from member-
ship in the Public Employees Retirement System (PERS),
was a constitutional law. The action was originally filed
in the Court of Common Pleas of Hamilton County as a
class action on behalf of the plaintiffs, and all others simi-

---

*This is a condensation by the author of this opinion as pre-
viously rendered. The full text may be found in the Supreme Court
Law Library, or the Tenth District Court of Appeals.

larly situated throughout Ohio. Such action was later transferred to Franklin County on the basis of venue.

The general factual data upon which the action had been instituted, and upon which this appeal rests, is that the plaintiffs are former municipal employees of the city of Cincinnati, Ohio, who had been, while in such employment, members of the Cincinnati municipal retirement system. Subsequent to their leaving such municipal employment, the plaintiffs became employed in certain county offices in Hamilton County and, having retired from their former municipal offices, the plaintiffs were receiving benefits from such municipal retirement system.

The plaintiffs allege that they expressed their desire to join the PERS, but were denied membership by their county employer because of the limitations and exclusions set forth in R. C. 145.02, and the rules and regulations of the defendant, passed in conformity with such section of law.

Plaintiffs state that such section originally applied to all former municipal employees who were participating in municipal retirement programs and, as formerly applied, denied all such employees the right to participate in the state Public Employees Retirement System. Plaintiffs argue that such section of law was later amended to permit certain classes of former municipal employees, policemen and firemen, as well as another class of employee, state highway patrolmen, to participate in PERS.

The plaintiffs allege: "[R. C. 145.02 is unconstitutional] as violative of Article I, Sections 1 and 2 of the Ohio Constitution of 1851 and further state and allege that said section violates the Fifth and Fourteenth Amendments to the Constitution of the United States in that Section 145.02 on its face and as applied to plaintiffs denies plaintiffs the equal protection of the laws, denies them procedural and substantive due process and their property rights all as more fully set out hereinafter."

The section of law drawn to our attention within this appeal is, as noted, R. C. 145.02, the current language of which, in pertinent part, is as follows:

"Notwithstanding section 145.03 of the Revised Code, any public employee who is contributing to or is receiving retirement or disability benefits from a municipal retirement system established prior to June 30, 1938, or who has been granted a disability retirement allowance by the state teachers retirement system, or school employees retirement system, or who is contributing to the police and firemen's disability and pension fund or the state highway patrol retirement system shall be excluded from membership in the public employees retirement system and shall be ineligible to make contributions or accrue benefits in the public employees retirement system.

"A public employee who, prior to November 21, 1969, was excluded from membership in the public employees retirement system because he was receiving benefits from a police relief and pension fund, a firemen's relief and pension fund, the police and firemen's disability and pension fund, or the state highway patrol pension fund may acquire service credit for service rendered during such period by paying into the employees' savings fund an amount equal to the amount he would have paid into such fund during such period of service if deductions had been taken on his full salary at the member contribution rate in effect during such period, plus interest on such amount at a rate determined by the board and by paying an equal amount into the employers' accumulation fund. * * *" In reviewing the history of this section, we find that for many years this section generally excluded all other municipal employees who were participating in a disability or pension fund from participating in PERS.

Effective November 5, 1965, the section was amended to permit firemen and policemen to waive participation and benefits in their own funds and participate in PERS.

Subsequently, the law was changed, effective November 21, 1969, to its current status which, in effect, permits those participating in police, firemen's and highway patrol funds to participate in PERS.

As stated in 11 Ohio Jurisprudence 2d 8, Constitutional Law, Section 670: "* * * The guar-

anty of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances'' (citing *Chambers* v. *Ohio Bureau of Unemployment Compensation* (1946), 146 Ohio St. 559 and *Hamann* v. *Heekin* (1913), 88 Ohio St. 207). However, it is rather universally held that all laws do not have to apply to all citizens in precisely the same manner, and that there may be lawful classifications provided for based upon reasonable grounds for such varying classifications. It has been stated that in order to determine whether a law is for the equal protection and benefit of all people, it is necessary to ascertain whether it operates equally upon all persons charged with the same obligation. *State, ex rel. Hostetter,* v. *Hunt* (1937), 132 Ohio St. 568. The legislative body of a state has a reasonable degree of latitude in providing for laws which apply to some of its citizens differently than it would apply to others. However, any such laws must be based upon fundamentally reasonable classifications, and must have the capability of being applied reasonably and fairly among all to whom such laws pertain. *State* v. *Nelson* (1894), 52 Ohio St. 88; *State* v. *Gardner* (1898), 58 Ohio St. 599; *State, ex rel. Webber,* v. *Felton* (1908), 77 Ohio St. 554; *City of Xenia* v. *Schmidt.* (1920), 101 Ohio St. 437; *List* v. *Burley Tobacco Growers' Co-op Assn.* (1926), 114 Ohio St. 361; *State, ex rel. Lourin,* v. *Industrial Comm.* (1941), 138 Ohio St. 618; *State, ex rel. Allstate Ins. Co.,* v. *Bowen* (1936), 130 Ohio St. 347.

In all such instances, whatever the category or classification, be it our citizenry or be it the property owned and held by our citizenry, each such classification must, upon review, be found to have been established upon a valid basis. Classification of persons or properties affected must be reasonable and not arbitrary, not artificial or evasive, and there must be a real and substantial distinction in the nature of the class or classes upon which the law operates. The classification must rest upon some difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced are

treated alike. *Maynard* v. *B. F. Goodrich Co.* (1944), 144 Ohio St. 22; *State, ex rel Williams,* v. *Glander* (1947), 148 Ohio St. 188; 11 Ohio Jurisprudence 2d, Constitutional Law, *supra.* The statutes of Ohio, as enacted by our General Assembly, must operate equally upon all persons of the same class. No discrimination or favoritism among members of the same class should be permitted. *Williams* v. *Donough* (1902), 65 Ohio St. 499; *Winslow-Spacarb, Inc.,* v. *Evatt* (1945), 144 Ohio St. 471.

As stated in 11 Ohio Jurisprudence 2d, *supra* at 18:

"The policy, wisdom, or expediency of legislative classification is not subject to judicial question or review unless the classification is manifestly arbitrary or unreasonable, but whether or not such classification is purely arbitrary or is reasonable and within legislative discretion is, in controverted cases, a subject for judicial review and determination."

There may be reasonable, rational and lawful distinctions which can be offered between these plaintiffs, who were former employees of municipalities, and former employees of municipalities in police and fire departments, but none have been established by the record in this case. It is argued by defendants that a rational difference lies in the type of services demanded of policemen and firemen and the type of services demanded of general municipal employees; further, it is advanced that such difference presents greater problems in the employment by municipalities of policemen and firemen than in the employment of municipal personnel generally.

At the outset of the discussion relative to this point, it needs to be stated that the differences, to be valid, must be between these plaintiffs and other county employees desiring to participate in PERS. We do not think a basically valid distinction may be based upon the type of former employment per se. But even though, *arguendo,* we would hold that such a distinction may be validly shown, none has been established by the record in this case.

There always exists presumptions of the constitutionality and validity of any legislative act, and this would in-

clude this particular section of law. However, where there has been no showing of the reasonableness of a classification and distinction which on its face seems to clearly violate rights to equal protection, then all of the presumptions disappear.

R. C. 145.02 would require the plaintiffs, as non-former policemen or firemen, to forego certain benefits they are presently receiving from a municipal retirement plan, in order to qualify for participation in PERS. Such a requirement unreasonably places these plaintiffs in a different status than former municipal policemen and firemen.

The denial of the fundamental right to earn a living and to work, reasonably, on the same basis, and to participate, reasonably, in the same benefits as one's fellow citizens requires a close scrutiny by our courts, and any deprivation of rights based upon unreasonable classifications or categories should not be upheld. After an analysis of R. C. 145.02 on its face and as it applies to these plaintiffs, we hold that such law is not reasonably based upon sound or fair categories or classifications necessary to the state interest. We therefore hold such section to be unconstitutional, both under the Fourteenth Amendment of the Constitution of the United States and under Section 16, Article I, of the Ohio Constitution.

Based upon all of the foregoing, the assignment of error, as such deals with the unequal protection of the laws, is hereby sustained, and the judgment of the Court of Common Pleas of Franklin County is reversed, and this cause is remanded to such court for further proceedings in accordance with law and this decision.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.