THE STATE OF OHIO, APPELLEE, *v.* DEPASCALE, APPELLANT.

(Nos. 83AP-75, -76 and -77—Decided September 27, 1983.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien* and *Mr. David E. Tingley,* for appellee.

*Mr. Vincent DePascale,* for appellant.

REILLY, J. Defendant-appellant, Catherine DePascale, was charged with three counts of violating R.C. 955.21 for refusing to register her dogs with the Franklin County Auditor for a license. The failure to register is undisputed. Defendant contends she did not pay the required dog registration fee because R.C. 955.21 is unconstitutional.

Defendant alleges four assignments of error:

"1. The court erred in overruling defendant's motion to declare the statute unconstitutional as discriminatory.

"2. The court erred in overruling defendant's motion, when the prosecution failed to respond and the court had heard no evidence.

"3. The court erred in being predisposed to a verdict of guilty and denying the defendant a fair and impartial trial.

"4. The court erred in totally disregarding the evidence."

Generally, an Act of the General Assembly is entitled to a strong presumption of constitutionality. *State, ex rel. Jackman,* v. *Court of Common Pleas of Cuyahoga Cty.* (1967), 9 Ohio St. 2d 159, 161 [38 O.O.2d 404]; *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142 [57 O.O. 134], paragraph one of the syllabus. Nevertheless, the guarantee of equal protection of the laws means that no person or class of persons shall be denied the same protection of the law which is enjoyed by other persons or other classes in the same place and under similar circumstances. All laws, however, do not have to apply to all citizens in exactly the same manner and there may be lawful classifications based upon reasonable grounds for such varying classifications.

The General Assembly has a reasonable degree of latitude in providing for laws which apply to some persons differently than others. Nevertheless, such laws must be based upon fundamentally reasonable classifications and must have the capability of being applied reasonably and fairly among all to whom they pertain. Classification of persons or properties affected must be reasonable and not arbitrary, artificial or evasive; and there must be a real as well as a substantial distinction in the nature of classes to which the law applies. The classification must be based upon some difference having a fair and substantial relationship to the substance of the legislation, so that all persons in similar circumstances are treated the same.

Finally, when the application of a statute is challenged the burden rests upon the party making such challenge to offer clear and convincing evidence of currently prevailing facts which render the statute unconstitutional. The Supreme

Court, in *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329 [28 O.O. 295] at paragraph six of the syllabus, stated:

"Where an act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden rests upon the party making such attack to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto."

The Supreme Court, in *Holst* v. *Roe* (1883), 39 Ohio St. 340, at paragraph one of the syllabus, held that "[a] *per capita* tax on dogs is not inhibited by the constitution." *Holst* has never been reversed or modified to date. There is a definite similarity between the statutes involved in *Holst* and current sections of the Revised Code, *e.g.,* R.C. 955.01 (registration of dogs), R.C. 955.21[1] (prohibition against failure to register dog kennel), and R.C. 955.27 (disposition of surplus fund). R.C. Chapter 955, entitled "Dogs," includes numerous other code sections involving the care and registration of dogs.

The General Assembly has chosen to enact legislation concerning dogs, including requirements for licensing them. The presumption is that such legislation is constitutional. There is no clear and convincing evidence presented in this case to rebut the presumption of the constitutionality of R.C. 955.21 or the presumption of a valid purpose, as well as a rational basis for the classification of dogs under a separate Title of the Revised Code. Thus, it follows that there is also no denial of equal protection demonstrated in this case.

Therefore, plaintiff's first assignment of error is overruled.

---

[1] R.C. 955.21 provides:
"No owner, keeper, or harborer of a dog more than three months of age, nor owner of a dog kennel, shall fail to file the application for registration required by section 955.01 of the Revised Code, nor shall he fail to pay the legal fee therefor."

Plaintiff's second, third and fourth assignments of error are also not well-taken. Since the statute in question is constitutional and the violations are admitted, the foregoing assignments of error do not involve any prejudice to defendant.

Consequently, defendant's second, third and fourth assignments of error are overruled.

For the foregoing reasons, the judgments of the trial court are affirmed.

*Judgments affirmed.*

McCormac and Norris, JJ., concur.