THE STATE OF OHIO, APPELLEE, *v.*
GLEDHILL, APPELLANT.

(No. 1103—Decided January 3, 1984.)

*Mr. Craig S. Albert,* prosecuting attorney, for appellee.

*Mr. Richard J. Makowski,* county public defender, for appellant.

COOK, P.J. On February 14, 1983, appellant, John Gledhill, entered a plea of guilty to one count of uttering (R.C. 2913.31). The matter was referred to the probation department for a presentence report. On March 28, 1983, the court sentenced appellant to a term of six months to five years at the Mansfield Reformatory. At the sentencing hearing, appellant requested conditional probation for treatment of drug dependency pursuant to R.C. 2951.04. Appellant, on March 30, 1983, filed a written motion for such conditional probation. On April 1, 1983, appellant filed a motion for medical and psychiatric examination which, after the presentation of evidence on the question of appellant's drug dependency, was overruled by the court. At the same time, the court denied appellant's motion for conditional probation.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The trial court committed prejudicial error when it denied appellant's motion for a medical and psychiatric examination to aid in establishing eligibility for conditional probation.

"2. The trial court committed prejudicial error when it considered information secretly collected and not disclosed to appellant in deciding appellant's motion for conditional probation and treatment of drug dependency."

The assigned errors are without merit.

Appellant first contends the court's refusal to refer him for a medical and psychiatric examination, pursuant to R.C. 2951.04(D), denied him equal protection of the law and due process of law.

R.C. 2951.04(D) provides:

"At such hearing provided for in division (B) of this section, the offender and the prosecuting attorney shall be afforded the opportunity to present evidence to establish his eligibility for probation under this section.

"Upon the request of the offender, and to aid the offender in establishing his eligibility for probation, the court may refer the offender for medical and psychiatric examination to the department of mental health or to a state facility designated by the department, to the psychiatric clinic approved by the depart-

ment, or to a program or facility described in division (B)(2) of this section. However, the psychiatric portion of a referral pursuant to this division shall be performed only by a court appointed individual who has not previously treated the offender or any member of his immediate family."

Obviously, R.C. 2951.04(D) makes it discretionary with the trial judge whether to refer an offender for medical and psychiatric examination to certain programs or facilities to aid him in establishing his eligibility for conditional probation as a result of drug dependency. The statute applies to all offenders seeking to establish their eligibility whether they are indigent or not.

Appellant does not question the statute itself or argue that the court abused its discretion in denying his request but argues a court's denial of a request for such a reference from an indigent defendant, such as himself, denies said indigent defendant equal protection of the law and due process of law since such a defendant has no opportunity to obtain medical evidence as to his drug dependency while a defendant with his own funds has the opportunity to obtain such evidence.

As to equal protection of the law, said constitutional guarantee means that no person or class of persons shall be denied the same protection of the law which is enjoyed by other persons or other classes in the same place and under like circumstances. Roth v. Public Employees Retirement Board (1975), 44 Ohio App. 2d 155 [71 O.O.2d 240].

R.C. 2951.04(D) and rulings by the court as to referring offenders for medical and psychiatric examination under said statute do not deny to some persons the same protection of the law enjoyed by others in the same place and under like circumstances. Therefore, the court's denial of appellant's request for such reference was not in violation of the Equal Protection Clause of the United States or Ohio Constitutions.

As to due process of law, it has been said that procedural due process of law involves only the essential right of notice, hearing, or opportunity to be heard before a competent tribunal. State v. Edwards (1952), 157 Ohio St. 175 [47 O.O. 122].

In the instant cause, denial of his request to be referred for a medical and psychiatric examination did not deprive appellant of notice, hearing, or opportunity to be heard before a competent tribunal. Therefore, such denial of his requested reference did not deny appellant due process of the law.

In his second assignment of error, appellant contends the court, in ruling on appellant's request for conditional probation, erred in considering information furnished him by the Geauga County Probation Department that appellant had denied being drug dependent while on probation for a prior offense.

However, appellant's contention is not demonstrated by the record. The court's reference to the information told it by the presentence investigators was in connection with appellant's motion for a medical and psychiatric examination pursuant to R.C. 2951.03. The court clearly indicated on the record that he had made no decision as to the issue of appellant's drug dependency and was waiting for evidence on the issue. Appellant has not assigned weight of evidence as an error as to said issue.

*Judgment affirmed.*

DAHLING and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.