ANDREYKO, Appellee,

v.

**CITY OF CINCINNATI et al., Appellants.**

[Cite as *Andreyko v. Cincinnati* (2001), 145 Ohio App.3d 365.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000650.

Decided July 27, 2001.

*Katz, Teller, Brant & Hild* and *James F. McCarthy III*, for appellee.

*Fay D. Dupuis*, City Solicitor, and *Frank H. Prouty II*, Assistant City Solicitor, for appellants.

PAINTER, Judge.

Plaintiff-appellee John Andreyko worked for the city of Youngstown, Ohio, for about two years before he quit and came to work for Cincinnati. While an employee of Youngstown, Andreyko had participated in the Public Employees Retirement System of Ohio ("P.E.R.S."). But when he accepted his new job with the city of Cincinnati, Andreyko elected to withdraw the contributions that he had made to P.E.R.S., since he was instead required to join the Cincinnati Retirement System ("C.R.S."). Andreyko retired from his employment with Cincinnati after thirty years of service, primarily in the city's finance department. He currently receives retirement benefits from C.R.S.

Before Andreyko retired, he observed that Cincinnati employees who had previously worked as uniformed fire or police employees were permitted to purchase credit in C.R.S., based on their prior participation in the Police and Fire Disability and Pension Fund. But other city employees who had participated in other public retirement systems were not eligible to purchase the credit. Andreyko brought this disparity to the attention of city officials, hoping that the city would change the law and allow all employees to purchase prior public service credits. He raised this issue for his own benefit, the benefit of some discrete number of his co-workers, and also to make it easier for the city to recruit prospective employees whose current retirement benefits could become more easily transportable.

The defendant-appellant C.R.S. Board of Trustees responded by recommending to its co-defendant-appellant, Cincinnati, that other employees who had participated in public retirement systems should also be allowed to purchase credit in C.R.S. But the recommendation did not extend the purchase credit on the same favorable terms, in which the cost of the purchase was partially subsidized by C.R.S. Instead, the proposed group of new beneficiaries would be allowed to purchase credits only in a manner that would be cost neutral to C.R.S. Thus, any Cincinnati employee who had not participated in the Police and Fire Disability Pension Fund, but had participated in another public retirement system such as P.E.R.S., would have to pay more to purchase the same credit and receive the enhanced retirement benefit. City council passed the law as recommended, and that disparity between otherwise similarly situated city employees exists today.

Andreyko sued, claiming that his constitutional right to equal protection of the law had been violated. He sought to be allowed to purchase credits for the two years he spent contributing to P.E.R.S. under the same favorable terms as those city employees who had previously contributed to the Police and Fire Disability and Pension Fund. He also asked for attorney fees.

The trial court entered judgment in Andreyko's favor. Because the court determined that a fundamental right was at issue,[1] it applied a strict standard of judicial scrutiny to Cincinnati's classification of its employees. Accordingly, the court required the city to have demonstrated that the classification was necessary to promote a compelling government interest.[2] Finding that no compelling governmental interest had been advanced by the city, the court ruled in Andreyko's favor, and the city and board of trustees appealed.

We reverse the trial court's decision. The trial court erred in applying a strict standard of scrutiny because Andreyko's right to purchase credit in C.R.S. on the same terms as other employees did not implicate a fundamental right. "Recognized fundamental rights include the right to vote, the right of interstate travel, rights guaranteed by the First Amendment to the United States Constitution, the right to procreate, and other rights of a uniquely personal nature."[3] If a fundamental right was not implicated, and since Andreyko did not also allege that he was a member of a suspect or quasi-suspect class, then the court should have applied a rational-basis test.[4]

The trial court erred in its reliance on a Tenth District Court of Appeals decision from 1975 as a basis to apply strict scrutiny.[5] First, that case involved actual access to a retirement system, not the terms upon which a beneficial credit in a retirement system might be purchased. Second, and though the Tenth District did state that "closer scrutiny" was required, it was not entirely clear that the court actually engaged in a strict scrutiny analysis. Finally, the majority of courts to have considered equal protection challenges based on the occasional inequities that have arisen under the administration of public retirement and disability systems have consistently applied a rational-basis test.[6] We hold that

---

1. See *Roth v. Pub. Emp. Retirement Bd.* (1975), 44 Ohio App.2d 155, 160, 71 O.O.2d 240, 246, 336 N.E.2d 448, 452.

2. See *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 289, 595 N.E.2d 862, 867.

3. See *State v. Williams* (2000), 88 Ohio St.3d 513, 530, 728 N.E.2d 342, 359, citing *Massachusetts Bd. of Retirement v. Murgia* (1976), 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524, fn. 3, and *Albright v. Oliver* (1994), 510 U.S. 266, 272, 114 S.Ct. 807, 812, 127 L.Ed.2d 114, 122–123.

4. *Id.*

5. See *Roth v. Pub. Emp. Retirement Bd.* (1975), 44 Ohio App.2d 155, 71 O.O.2d 240, 336 N.E.2d 448.

6. See *State ex rel. Patterson v. Indus. Comm. of Ohio* (1996), 77 Ohio St.3d 201, 207, 672 N.E.2d 1008, 1013; *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 66–67, 647 N.E.2d 486, 490; *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 447, 613 N.E.2d 574, 577; *Muller*

Andreyko's challenge to the C.R.S. classification system for purchasing service credit did not implicate a fundamental right and should therefore have been reviewed under a rational-basis test.

According to the rational-basis test, lawmakers may create distinctions that bear a rational relationship to a legitimate state interest.[7] The burden of proving that the law is unconstitutional would rest upon Andreyko.[8] And he may only satisfy this burden by showing that the distinctions "are based solely on reasons totally unrelated to the pursuit of the [city's] goals and only if no grounds can be conceived to justify them." [9]

The proper analysis is significantly different from the strict scrutiny applied by the trial court. Accordingly, we reverse the court's judgment and remand this case for application of a rational-basis test.

*Judgment reversed
and cause remanded.*

DOAN, P.J., and SUNDERMANN, J., concur.

*v. Lujan* (C.A.6, 1991), 928 F.2d 207, 210; *In re Pensions of 19th Dist. Judges Under Dearborn Emp. Retirement Sys.* (1995), 213 Mich.App. 701, 705, 540 N.W.2d 784, 787; *Hartinger v. Cincinnati* (Dec. 24, 1980), Hamilton App. No. C–790759, unreported.

7. See *Vacco v. Quill* (1997), 521 U.S. 793, 799, 117 S.Ct. 2293, 2297, 138 L.Ed.2d 834, 841, quoting *Romer v. Evans* (1996), 517 U.S. 620, 631, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855, 865; *State v. Williams, supra,* 88 Ohio St.3d at 530, 728 N.E.2d at 359.

8. See *State v. Williams, supra,* at 521, 728 N.E.2d at 352, citing *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 11–12, 465 N.E.2d 421, 427.

9. See *State v. Williams, supra,* at 530, 728 N.E.2d at 359, quoting *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515–516, and citing *Heller v. Doe* (1993), 509 U.S. 312, 320, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257, 270–271; *Am. Assn. of Univ. Professors, Cent. State Univ. v. Cent. State Univ.* (1999), 87 Ohio St.3d 55, 58, 717 N.E.2d 286, 290.