OPINION
{¶ 1} On October 31, 2002, Carl Tatman, an investigator, filed a complaint against appellant, Mark Dennis, Fire Chief of the Berne Township Fire Department, alleging appellant failed to timely file reports with the State of Ohio Fire Marshall. As a result of the complaint, appellant was suspended on November 5, 2002.
 {¶ 2} A hearing before appellee, the Berne Township Board of Trustees, made up of Trustees James Carmichael, Robert Bailey and C. David Shonebarger, commenced on November 19, 2002. Appellee voted to remove appellant as chief.
 {¶ 3} On December 6, 2002, appellant filed an appeal with the Court of Common Pleas for Fairfield County. A hearing was held on November 14, 2003. By entry filed July 13, 2004, the trial court affirmed appellee's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT MARK DENNIS' RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS WERE NOT VIOLATED."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT MARK DENNIS WAS AFFORDED EQUAL PROTECTION UNDER THE LAW."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE DECISION OF THE BERNE TOWNSHIP BOARD OF TRUSTEES IN REMOVING MARK DENNIS AS FIRE CHIEF."
 I {¶ 8} Appellant claims the trial court erred in finding appellant's procedural and substantive due process rights had not been violated. We disagree.
 {¶ 9} Specifically, appellant argues Trustee Carmichael participated in the investigation and fact-finding process prior to the hearing, and he lacked the authority to handover the matter to a private investigator, Mr. Tatman. Also, appellant argues Trustee Bailey based his decision on other grounds.
 {¶ 10} R.C. 505.38 governs removal of fire chief. Subsection (A) provides in part, "To initiate removal proceedings, and for that purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with those sections."
 {¶ 11} From the record, we conclude appellant's assertions as to Trustee Carmichael lack merit for the following reasons. Mr. Tatman testified he was formally hired on August 22, 2002 by Trustee Carmichael to investigate a letter from the State Fire Marshall regarding appellant's failure to file reports. T. at 29. Mr. Tatman stated the letter was passed on to him to investigate the situation. T. at 30. Although Mr. Tatman updated Trustee Carmichael on the progress of the investigation, he did not discuss "conclusions or facts of what the investigation revealed." T. at 33. During Mr. Tatman's meetings with the trustees, he was under the impression that they were "upset that there was problems occurring within the Fire Department and that they wanted the problems resolved. And it didn't have anything to do with Mark Dennis, it was just generally towards a dislike that there were problems within the Fire Department." T. at 39. Trustee Carmichael admitted to verifying the authenticity of the State Fire Marshal's letter but nothing further. T. at 117-118. The trustees agreed Trustee Carmichael was in charge of fire department issues. T. at 44, 70.
 {¶ 12} We find these facts do not taint the due process requirements on the removal issue.
 {¶ 13} Appellant also argues Trustee Bailey relied on other issues in removing him. Although Trustee Bailey's testimony is inconsistent on this issue (T. at 87, 92, 97, 99), we find no lack of due process to appellant. There is no contradictory evidence to appellant failing to file the statutory mandated reports pursuant to R.C. 3737.24. What is evident from Trustee Bailey's testimony is that appellant's failure to timely file reports was a factor for removal. T. at 98-100. Trustee Bailey felt appellant failed to do the job and the complaint was based on nonfeasance in office.
 {¶ 14} Upon review, we conclude there was no violation of appellant's rights to procedural and substantive due process.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court erred in finding appellee afforded him equal protection under the law. We disagree.
 {¶ 17} Specifically, appellant argues because the previous fire chiefs failed to timely file reports, he was given disparate treatment. In support of his argument, appellant cites the rational basis test which states, "laws must be based upon fundamentally reasonable classifications, and must have the capability of being applied reasonably and fairly among all to whom such laws pertain." Roth v. Public EmployeesRetirement Board (1975), 44 Ohio App.2d 155, 158. In addition, "equal protection means only that persons in the same classification must be treated alike and that reasonable grounds which further a legitimate governmental interest exist in making the distinction between those persons who fall within the class and those who fall outside the class."Ohio University Faculty Assoc. v. Ohio University (1982),5 Ohio App.3d 130, 133."
 {¶ 18} Appellant argues previous chiefs failed to file reports from March to May of 2001 and for 1995 and 1999, and appellee failed to investigate and/or discipline the fire chiefs involved. Appellant's Brief at 18. Although appellee's investigation started with March of 2001, there is no proof in the record that the 1995 and 1999 dates were brought to appellee's attention at the time. Further, appellee did not have the power to discipline previous chiefs after Mr. Tatman reported the deficiencies during appellee's hearing. See, November 26, 2002 Public Hearing T. at 27-28. As the record indicates, Trustee Carmichael did not become a trustee until January 1, 2002. T. at 109.
 {¶ 19} Appellant also argues fulfilling the statutory requirements of reporting to the State Fire Marshal is not a legitimate governmental interest. We find a violation regarding a state mandated report is in the interest of good township government.
 {¶ 20} Upon review, we find appellant was not denied equal protection under the law.
 {¶ 21} Assignment of Error II is denied.
 III {¶ 22} Appellant claims the trial court erred in affirming appellee's decision. We disagree.
 {¶ 23} In reviewing a decision from an administrative agency, a trial court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court "may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause." An appellate court is limited to a determination of whether the trial court abused its discretion in making its determination. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 24} R.C. 505.38 provides for the appointment of a fire chief by the board of township trustees, and "shall continue in office until removed from office as provided by sections 733.35 to 733.39 of the Revised Code."
 {¶ 25} As noted earlier, there was no dispute that the required reports were not filed by appellant and had not been filed up to appellee's hearing date. What appellant argues now are mitigating factors he believes should be considered in finding his removal by appellee to be unlawful. As Trustee Bailey stated, appellant "just didn't" file the required reports and get the job done when the deficiencies were brought to light. T. at 90, 93. Also, appellant did not take advantage of additional training during the pending investigation. T. at 75-76, 148-149. Appellant made one attempt at requesting a secretary for help, but the request was tabled and appellee "asked him to bring to us something in writing so that we could look at it and see why he needed a secretary." T. at 71, 129. Appellant did not pursue the issue at subsequent meetings. T. at 129.
 {¶ 26} Upon review, we conclude there was in fact a failure by appellant to perform his statutory duties and despite the persuasiveness of the mitigating factors, the removal was not arbitrary, unreasonable or contrary to law.
 {¶ 27} Assignment of Error III is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Wise, J. concurs., Edwards, J. disents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.