[Cite as *Gillett v. Cuyahoga Cty.*, 2024-Ohio-3014.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

RUTH GILLETT, ET AL.,      :

     Plaintiffs-Appellants,    :

                                   No. 113391

     v.                     :

CUYAHOGA COUNTY,      :

     Defendant-Appellee.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-968557

---

### *Appearances:*

Cohen Rosenthal & Kramer L.L.P., Joshua R. Cohen, and Ellen M. Kramer, *for appellants.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew D. Greenwell and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorneys, *for appellee.*

ANITA LASTER MAYS, J.:

{¶1} Plaintiffs-appellants, Ruth Gillett, Christine Alexander, Cassandra Robertson, Robert Staib, and DoraRae Vactor (collectively "the appellants"),

appeal the trial court's decision dismissing their equal protection claims. We reverse the trial court's decision and remand.

## I.    Facts and Procedural History

{¶2} On March 9, 2020, the Ohio Governor Mike DeWine declared a state of emergency in response to the COVID-19 pandemic, and later, the director of the Ohio Department of Health issued an order for government employees to stay at home from work. Because of the pandemic, Cuyahoga County ("the county") expected to have a $74 million deficit for the 2020 fiscal year as a result of tax revenue loss. On April 3, 2020, in response, the county declared a fiscal emergency and implemented a mandatory furlough for non-bargaining county employees. The purpose of the furlough was to cut expenses and require the employees to take ten furlough days through March 2021, that amounted to 80 work hours.

{¶3} The appellants were county employees that were mandated to take part in the furlough. The appellants' employment ended in April 2021, when the furlough ended. However, before the appellants' departure, the county docked each of their paychecks 80 work hours of pay. Although the county projected a 20% decrease in sales tax revenue and a 10% decrease in property tax revenue, it overestimated the monetary deficit because sales tax revenue decreased by only 2% and no property tax revenue deficit occurred. Additionally, the county received $215 million from the federal government in pandemic aid. Thus, the county experienced no monetary deficit and actually increased their revenue.

**{¶4}** On April 13, 2021, Cuyahoga Cty. Ord. 02021-0004 was enacted to give current bargaining and non-bargaining employees who participated in the furlough a bonus of up to 80 work hours based on their hourly pay. However, employees who were no longer working for the county, but were mandated to participate in the furlough, were not eligible to receive bonus pay. The county retained the money from the former employees, thereby incurring a windfall.

**{¶5}** On September 12, 2022, appellants filed a complaint and then on November 28, 2022, appellants filed an amended complaint seeking a declaratory judgment alleging the county violated the Equal Protection Clause by failing to provide reimbursement of pay lost by former employees pursuant to its mandatory furlough program. The appellants brought this case as a putative class action, representing themselves and all bargaining and non-bargaining former county employees who were not eligible to receive the Ord. 02021-0004 bonus.

**{¶6}** On February 6, 2023, the appellants filed consolidated motions for class certification and appointment of class counsel, but the trial court did not rule on the motions. On May 3, 2023, the county filed a motion for judgment on the pleadings. On November 13, 2023, the trial court granted judgment on the pleadings in favor of the county. The appellants filed this appeal assigning one error for our review:

> The trial court erred in granting judgment on the pleadings to Cuyahoga County on the Equal Protection claims alleged by the appellants in their complaint.

## II. Standard of Review

{¶7} "'Appellate review of a judgment on the pleadings involves only questions of law and is therefore de novo.'" *Berryhill v. Khouri*, 2021-Ohio-504, ¶ 13 (8th Dist.), quoting *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 2019-Ohio-2851 ¶ 8, citing *Rayess v. Edn. Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18. "Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: 'After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.'" *Id.*; Civ.R. 12(C). "'In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor.'" *Id.*, quoting *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74 (2002). "When considering a Civ.R. 12(C) motion for judgment on the pleadings, the court may consider the complaint, the answer, and any material attached as exhibits to those pleadings." *Id.*, citing *Jordan v. Giant Eagle Supermarket*, 2020-Ohio-5622, ¶ 20 (8th Dist.), citing *Schmitt v. Edn. Serv. Ctr.*, 2012-Ohio-2210, ¶ 9 (8th Dist.).

## III. Law and Analysis

{¶8} The appellants argue that the trial court erred in granting judgment on the pleadings on their Equal Protection claims. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Ohio's Equal

Protection Clause in art. I, § 2 of the Ohio Constitution "provide individuals with equal protection under the laws and apply the same analysis to determine whether a statutory classification violated the equal protection clauses." *State v. Jones*, 2022-Ohio-1169, ¶ 40 (8th Dist.), citing *State v. Aalim*, 2017-Ohio-2956, ¶ 29-30.

**{¶9}** "'In considering whether state legislation violates the Equal Protection Clause of the Fourteenth Amendment . . . [courts] apply different levels of scrutiny to different types of classifications.'" *Aalim* at ¶ 30, quoting *Clark v. Jeter*, 486 U.S. 456, 461 (1988). "We use the same analytic approach in determining whether a statutory classification violates Article I, Section 2 of the Ohio Constitution." *Id*., citing *State v. Williams*, 88 Ohio St.3d 513, 530 (2000).

**{¶10}** "The first step in an equal-protection analysis is to determine the proper standard of review." *Id*. at ¶ 31, citing *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 64. "When legislation infringes upon a fundamental constitutional right or the rights of a suspect class, strict scrutiny applies." *Id*. "If neither a fundamental right nor a suspect class is involved, the rational-basis test is used." *Id*.

**{¶11}** In our instant case, from the face of the pleadings, the trial court is to determine if there are enough facts to ascertain if the ordinance infringes upon a fundamental constitutional right or if the appellants are classified in a suspect class. "A 'suspect class' is defined as 'one saddled with such disabilities or subjected to such a history of purposeful unequal treatment or relegated to such a position of political powerlessness as to command extraordinary protection from

the majoritarian political process.'" *Id*. at ¶ 33, quoting *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976). Absent a fundamental right or a suspect class, the appellants' equal protection claim is reviewed under a rational-basis test.

## A. Rational-Basis Test

{¶12} "Pursuant to the rational-basis test, courts uphold statutes that are rationally related to a legitimate governmental purpose." *Jones*, 2022-Ohio-1169, at ¶ 41, citing *Aalim,* 2017-Ohio-2956, at ¶ 34. "Substantial deference is given to the General Assembly and its predictive judgment." *Id*., citing *State v. Williams*, 88 Ohio St.3d 513, 530 (2000). Additionally, the county does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the appellants must negate every conceivable basis before an equal protection challenge will be upheld. *Id*. A legislative decision to treat individuals differently is invalidated only when it is based solely on reasons totally unrelated to the pursuit of the county's goals and only if no grounds can be conceived to justify it. *Id*., citing *Aalim*, 2017-Ohio-2956 at ¶ 35. The overriding question is whether Cuyahoga County Ord. 02021-0004 is rationally related to a legitimate governmental purpose.

{¶ 13} Appellants argue that they alleged sufficient facts in their complaint that, if proven, would establish that the county's decision to arbitrarily exclude former employees from Ord. No. 02021-0004 was not rationally related to a

legitimate governmental purpose. They contend that the county's stated purpose for enacting the law — to reimburse employees who participated in the mandatory furlough due to the fact that the county never experienced the expected fiscal emergency that necessitated the furlough in the first place — applied equally to current and former employees.

**{¶ 14}** The county argues that the mandatory furlough order was lawfully enacted, and the appellants do not suggest or argue the contrary. The county further argues that the ordinance is rationally related to the legitimate governmental purpose of wanting to maintain current staffing and operational levels. The county states that because the appellants retired or separated employment with the county before the ordinance was enacted, they did not receive the one-time bonus payment. The trial court must determine if appellants beyond doubt can prove no set of facts that the county's decision to treat the current employees different from the former employees is totally unrelated to the pursuit of the county's goals.

**{¶15}** The framework for the rational-basis test is as follows:

> [A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*Sherman v. Ohio Pub. Emps. Retirement Sys.*, 2020-Ohio-4960, ¶ 5, quoting *McCrone v. Bank One Corp.*, 2005-Ohio-6505, ¶ 8.

**{¶16}** Thus,

> "[t]he rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational. A statute will not be held to violate the Equal Protection Clause, and this court will not invalidate a plan of classification adopted by the General Assembly, unless it is clearly arbitrary and unreasonable. Thus, provided that the statute is rationally related to a legitimate government interest, it will be upheld."

(Citations omitted.) *Id.*, quoting *id.* at ¶ 9.

**{¶17}** A review of the record indicates that after construing all material factual allegations in the complaint, and all reasonable inferences, the trial court abused its discretion when it determined that the appellants could prove no set of facts related to its failure to be reimbursed funds despite no longer being employed by the county.

**{¶18}** "According to the rational-basis test, lawmakers may create distinctions that bear a rational relationship to a legitimate state interest." *Andreyko v Cincinnati*, 145 Ohio App.3d 365, 368 (1st Dist. 2001). The burden of proving that the law is unconstitutional would rest upon the appellants. *Id.* And they may only satisfy this burden by showing that the distinctions are based solely on reasons totally unrelated to the pursuit of the county's goals and only if no grounds can be conceived to justify them. *Id.*

## B.    Similarly Situated Employees

{¶**19**} The county also argues that the appellants are not similarly situated to the current employees who received the bonus because one group is current and the other former.  Although employees do not have to show an exact correlation between themselves and other similarly situated employees, they are required to show that the proposed comparators were similar in all relevant respects and had engaged in acts of comparable seriousness.  *Smith v. ExpressJet Airlines, Inc.,* 2015-Ohio-313, ¶ 20  (8th Dist.).

{¶**20**} In our instant case, the trial court must determine if the facts in the pleadings shows a distinction between the two groups.  The pleadings alleged that both groups were subjected to the mandatory furlough and had to forego pay for an equivalent of 80 work hours.  It further alleges that the county paid restitution to the current employees but did not pay the former employees despite receiving funds from the federal government to cover any monetary loss.  On its face, we determine these facts are sufficient to show that the appellants are similarly situated.

## C.    Judgment on the Pleadings

{¶**21**} "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings."  *Edwards v. Kelley*, 2021-Ohio-2933, ¶ 7 (8th Dist.), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio

St.3d 565, 569 (1996); *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.*, 2002-Ohio-2014 (10th Dist.).  "In order to be granted a dismissal pursuant to Civ.R. 12(C) 'it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor.'" *Mundy v. Golightly*, 2022-Ohio-83, ¶ 5 (8th Dist.), quoting *Berryhill v. Khouri*, 2021-Ohio-504, ¶ 13 (8th Dist.).

**{¶22}** We have determined that the trial court erred when it determined that the nonmovant, the appellants, can prove no set of facts warranting the requested relief pursuant to Civ.R. 12(C).

**{¶23}** Therefore the appellants' sole assignment of error is sustained.

**{¶24}** Judgment reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN JUDGMENT ONLY