**Hugh B. MULLER, Plaintiff–Appellant,**

v.

**Manuel LUJAN, Jr., Secretary, United States Department of Interior, Defendant–Appellee.**

**No. 90–1583.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 24, 1991.

Decided March 18, 1991.

Charles A. Duerr, Jr. (argued), Miller, Canfield, Paddock & Stone, Ann Arbor, Mich., for plaintiff-appellant.

Jennifer M. Elgee (argued), Office of the U.S. Atty., Detroit, Mich., for defendant-appellee.

Before MARTIN and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Plaintiff appeals the grant of summary judgment for the defendant in this action alleging wrongful denial of severance benefits pursuant to the Federal Employees Salary Act of 1965, 5 U.S.C. § 5595 (1988). Plaintiff claims that the district court erred in granting summary judgment because the denial of severance pay was the result of age discrimination in violation of the fifth amendment's equal protection clause and the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1988). We disagree. Because we find the severance pay provisions of the Federal Employees Salary Act to violate neither the Constitution nor the Age Discrimination Act, we affirm the judgment of the district court.

The plaintiff, Hugh B. Muller, was employed by the National Park Service of the Department of Interior as a GM–025–14 Park Ranger. He was the director of In-

ternational Park Seminars, responsible for administering an annual conference held in Ann Arbor, Michigan by the Department of the Interior and the University of Michigan. He was the only Park Service employee in Ann Arbor. Budget reductions under the Gramm–Rudman Hollings Act forced the department chief of the Office of International Affairs to discontinue the Park Service's commitment to the seminar program in 1987. On December 3, plaintiff was notified that a reduction-in-force required his separation from agency employment effective January 16, 1988, and that, because of his age and service period, he was entitled to an immediate retirement annuity but was not entitled to severance pay. See 5 U.S.C. § 5595 (excluding severance pay eligibility from separatees entitled to immediate retirement annuity). At his request, plaintiff's separation date was postponed until February 13, 1988. At the time of separation from the Park Service, Muller was fifty-six years old with approximately thirty-one years of service credits. Had he been eligible for severance pay he would have received approximately one year's salary, $59,000 to $60,000; instead, he received his retirement annuity.

Unhappy with this arrangement, plaintiff appealed the denial of severance pay to the Merit Systems Protection Board, claiming that the denial was invalid as age discrimination. The Board upheld the Interior Department's action. Plaintiff then appealed to the Merit Systems Protection Appellate Board, which also supported the agency's position. Plaintiff appealed that decision to the Equal Employment Opportunity Commission, asserting the denial of severance pay violated the anti-discrimination provisions of the fifth amendment's equal protection clause and the Age Discrimination Act. The EEOC found no unlawful age discrimination. Following the EEOC decision, plaintiff filed a similar claim in United States District Court for the Eastern District of Michigan, which is the subject of this appeal.

Because the facts were not in dispute, the district court entertained cross motions for summary judgment on the two issues presented: (1) whether the denial of sever-

ance pay to an individual eligible for a retirement annuity constitutes age discrimination in violation of the equal protection clause of the fifth amendment, and (2) whether the denial of severance pay is a violation of the Age Discrimination Act. Judge Freeman found that the exclusion of annuity qualified separatees from the severance pay scheme was a rational means of advancing a legitimate government interest, thus satisfying the requirements of the fifth amendment in non-suspect class litigation. Lyng v. International Union, United Auto. Aerospace & Agric. Implement Workers, 485 U.S. 360, 370, 108 S.Ct. 1184, 1192, 99 L.Ed.2d 380 (1988). The court also found that the severance pay statute, 5 U.S.C. § 5595(b), was not implicitly repealed by the Age Discrimination Act and thus, was valid on its terms. Plaintiff appeals this judgment, claiming that the severance pay scheme is neither rational under the fifth amendment, nor valid following the enactment of the Age Discrimination Act.

## EQUAL PROTECTION CLAIM

■ Plaintiff argues that the district court erred in finding Congress' decision to deny severance pay to those who qualified for retirement annuities a rational means of effectuating a legitimate government interest under the fifth amendment. Plaintiff contends that the severance pay scheme irrationally places separatees in unreasonable categories based upon age. We disagree.

The Civil Service Retirement System requires employing federal agencies to deduct and withhold seven percent of the basic pay of each employee to be combined with a matching contribution by that agency and placed in the agency's retirement fund with the United States Treasury. See 5 U.S.C. § 8301 et seq. (governing Civil Service Retirement System). Upon separation, employees are given a lifetime annuity based on a formula that averages the employee's pay in the highest three consecutive years of employment and adjusts that average depending on years of service. See 5 U.S.C. § 8339(a). An employee who

is involuntarily separated from service is eligible for an immediate annuity if that employee has completed twenty-five years of service or has completed twenty years of service and is over fifty years of age. Plaintiff qualified for an immediate annuity, although that annuity would have been larger upon separation had he been permitted to continue working.

The Federal Employees Salary Act also provides for severance pay to certain employees who are involuntarily separated. 5 U.S.C. § 5595(b). Congress established its severance pay system "to bridge the gap between employment and reemployment." 111 CONG.REC. 12489 (1965). The severance pay scheme is based on a variable formula which analyzes weekly pay and years of service. The maximum payment a separatee may receive is one year's salary. However, severance pay is not available to all separatees. The language and legislative history of 5 U.S.C. § 5595(a) indicates that Congress recognized the problem of limited resources and determined to limit severance pay to those who had neither a continuing salary nor immediate annuity benefits. 111 CONG.REC. 25677 (1965). The statute excludes a number of groups from severance pay eligibility. Among those excluded are any employees "subject to [the Civil Service Retirement System] ... and who, at the time of separation from service, [have] fulfilled the requirements for an immediate annuity...." 5 U.S.C. § 5595(a)(2)(B)(iv). Plaintiff was denied severance pay under this provision because he qualified for an immediate annuity. Plaintiff claims that this distinction between pension-eligible and pension-ineligible separatees constitutes age discrimination. We disagree.

■ When reviewing an equal protection claim, we examine whether a rational basis exists for the challenged action, unless a suspect class or fundamental right is at issue. *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Plaintiff has not alleged that he is a member of a suspect class or that he has been denied a fundamental right; neither his age nor his status as a retiree require heightened scrutiny. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 316, 96 S.Ct. 2562, 2568, 49 L.Ed.2d 520 (1976) (Court held that "old age does not define a discreet and insular group ... in need of 'extraordinary protection.'"). Indeed, the classification that the plaintiff objects to is not directly based on age; rather, it is based on eligibility for a pension, which is in turn computed by the number of years of service and age. Accordingly, the rational basis standard is the appropriate one with which to review the plaintiff's claim.

■ Under the rational basis standard, the challenging party bears the heavy burden of demonstrating that the legislation at issue is irrational. *Harrah Independent School Dist. v. Martin*, 440 U.S. 194, 198, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979). The plaintiff "must convince the court that the legislative facts on which the classification apparently is based could not reasonably be conceived to be true by the governmental decision maker." *Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979); *see also Schweiker v. Wilson*, 450 U.S. 221, 235, 101 S.Ct. 1074, 1083, 67 L.Ed.2d 186 (1981) (stating that "as long as the classification scheme chosen by Congress rationally advances a reasonable and identifiable government objective, [the court] must disregard the existence of other methods of allocation."). In this case, plaintiff's burden is further increased by the strong presumption of constitutionality that applies to economic legislation. *Schweiker*, 450 U.S. at 238, 101 S.Ct. at 1084 (concluding that Congress should be given discretion in determining how limited resources should be allocated). The plaintiff has not met this substantial burden.

We agree with Judge Freeman's analysis below:

The severance pay statute creates two classifications: those persons eligible for severance pay because they are not entitled to an immediate retirement annuity and those ineligible for severance pay because they are entitled to an immediate retirement annuity.... The legit-

imate government objective of the severance pay statute is to assist financially those separatees who are not likely to have a source of income for subsistence between jobs. (citations omitted). To advance that objective and to determine which separatees would be most in need of financial assistance, Congress could rationally make that legitimate judgment that pension eligibility would be the determining factor. Congress could have determined that, if you are eligible for an immediate annuity, as [P]laintiff was in this case, you *have a source* of income to help bridge the gap between unemployment and employment. On the other hand, if you are ineligible for an immediate annuity, there *may not be any source* of income to bridge that gap. Thus, the classification of who is entitled to severance pay benefits has some rational basis. (citations omitted).

Accordingly, we find the defendant did not violate the equal protection clause because the line between pension-eligible and pension-ineligible separatees is not irrationally drawn.

### AGE DISCRIMINATION IN EMPLOYMENT ACT

Plaintiff has also challenged the district court's finding that 5 U.S.C. § 5595 does not conflict with the Age Discrimination in Employment Act, which provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." 29 U.S.C. § 633a (1982). He argues that because only those employees over forty years of age are eligible for a retirement annuity, the severance pay statute unlawfully discriminates against older employees, and thus, was implicitly repealed by the Age Discrimination Act. We disagree.

A standard principle of statutory construction is that a later statute will not be held to have implicitly repealed an earlier statute unless there is a clear repugnancy between the two. *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98

L.Ed.2d 830 (1988). A simple lack of harmony between the statutes will not suffice; when two statutes conflict to some degree they should be read together to give effect to each if that can be done without damage to their sense and purpose. *Watt v. Alaska*, 451 U.S. 259, 269, 101 S.Ct. 1673, 1679, 68 L.Ed.2d 80 (1981); *see also Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984). Accordingly, any claim of implied repeal must be analyzed in the following manner:

In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable. (citations omitted).... Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment. (citations omitted).

The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. "When there are two acts upon the same subject, the rule is to give effect to both if possible.... The intention of the legislature to repeal 'must be clear and manifest.'" *United States v. Borden Co.*, 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939).

*Morton v. Mancari*, 417 U.S. 535, 550–551, 94 S.Ct. 2474, 2482–2483, 41 L.Ed.2d 290 (1974).

The Age Discrimination Act is not a "clear and manifest" repeal of the federal severance pay statute. The Age Discrimination Act's general provisions do not facially repeal the specific unambiguous statutory exclusion of 5 U.S.C. § 5595; nor may any inference of repeal be drawn from the Age Discrimination Act's legislative history. While Congress expressly repealed two other statutes when enacting the Age Discrimination Act, it left the severance pay statute intact. *See* 5 U.S.C. § 3322 (limiting federal employment of persons over 70 to temporary positions, repealed by Age Discrimination Act); 5

U.S.C. § 8335 (requiring mandatory retirement at age 70, repealed by Age Discrimination Act). Thus, there is a strong presumption that 5 U.S.C. § 5595 remains valid, not implicitly repealed by the Age Discrimination Act.

We reject plaintiff's argument that the two statutes are too inconsistent or repugnant to give effect to both. In *Public Employees Retirement System of Ohio v. Betts*, 492 U.S. 158, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989), the Supreme Court held that age based classifications in benefit plans were expected to exist despite the broad remedial purposes of the Age Discrimination Act. *See Betts*, 492 U.S. at 158, 109 S.Ct. at 2854 (finding benefit plan exemption based on age not to violate § 4(f)(2) of the Age Discrimination Act, 29 U.S.C. § 623(f)(2)). The crux of this holding is expressed by the statement that "[t]he age discrimination law is not the proper place to fight the battle of ensuring 'adequate pension benefits for older workers.'" *Id.* at 179, 109 S.Ct. at 2867 (quoting 112 CONG.REC. 7076 (1967)).

Accordingly, we find no implied repeal of the federal severance pay statute, 5 U.S.C. § 5595, by the Age Discrimination Act.

For the foregoing reasons, the judgment of the district court is affirmed.