Cole ZULAUF, Plaintiff,

v.

**KENTUCKY EDUCATIONAL TELEVISION, et al.,**
Defendants.

No. CIV.A. 98–65.

United States District Court,
E.D. Kentucky.

Dec. 8, 1998.

Melissa L. Rodden, Public Advocate's Office, Kenneth Zeller, Lori Anne Davis, Protection & Advocacy Division, Frankfort, KY, for Cole Zulauf.

Robert S. Jones, Office of the Attorney General Civil & Environmental Law Division, Frankfort, KY, for Kentucky Cabinet for Kentucky Cabinet for Educc., Arts and Humanities, Roy Peterson.

Barbara B. Edelman, Candice W. Clay, Dinsmore & Shohl LLP, Lexington, KY, for Kentucky Educational Television, Virginai Fox.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendants have moved the Court [Record No. 2] to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The plaintiff has responded [Record No. 4], to which the defendants have replied [Record No. 5]. This matter is now ripe for decision.

This case involves a dispute between the plaintiff and Kentucky Educational Television ("KET") as to whether KET is required to provide closed captioning for all of its broadcasts. KET is charged by statute with providing educational programs and services to the residents of the state of Kentucky. Toward that goal, KET operates a statewide broadcast network which delivers educational children's programming, adult educational programming, and programming covering arts and public affairs in Kentucky.

On July 30, 1998, plaintiff filed a complaint alleging that KET is in violation of the Rehabilitation Act, 29 U.S.C. § 794 (" § 504"), and

the Americans with Disabilities Act, 47 U.S.C. § 12103–12213 ("ADA"), because some of its programming is not accessible through closed captioning. Both the ADA and § 504 provide general prohibitions against discrimination against disabled individuals by governmental entities or government funded programs.

The defendants counter that the Video Programming Accessibility Act of 1996 ("VPAA"), 47 U.S.C. § 613, gives the FCC exclusive jurisdiction over issues surrounding closed captioning, and hence, the Court does not have subject matter jurisdiction over this action. The VPAA was enacted in 1996, and it is Congress's most recent and specific pronouncement regarding the duties of broadcasters to caption their programming. In the VPAA, Congress directed the Federal Communications Commission ("FCC") to establish appropriate deadlines for the closed captioning of video programming, taking into account the realities of the marketplace and whether the programming is. new or has previously been broadcast. Consistent with its mandate, the FCC adopted rules implementing the VPAA.

The plaintiff, however, is not suing under the VPAA because private rights of action are barred under the statute. *See* 47 U.S.C. § 613(h). Instead, the plaintiff is suing under § 504 and the ADA alleging that KET is discriminating against him by failing to provide closed captioning for all of its programs. However, in order to determine whether KET has to provide closed captioning for all of its programs, the Court would have to interpret the VPAA and the FCC's implementing regulations.

The central issue in this case is how the recently enacted VPAA affects suits brought under § 504 and the ADA alleging discrimination due to a broadcaster's failure to provide closed captioning for all of its programs. In addressing this question, the Court notes that this issue is one of first impression in the Sixth Circuit.[1]

▓ When faced with differing statutes, "courts are not at liberty to pick and choose among congressional enactments, and when

two statutes are capable of co-existence it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *See Muller v. Lujan,* 928 F.2d 207, 211 (6th Cir.1991). "[T]o the extent that statutes can be harmonized, they should be, but in case of an irreconcilable inconsistency between them the later and more specific statute usually controls the earlier and more general one." *See U.S. v. Trident Seafoods Corp.,* 92 F.3d 855 (9th Cir.1996), *cert denied,* —— U.S. ——, 117 S.Ct. 944, 136 L.Ed.2d 833 (1997).

▓ After reviewing the statues at issue, the Court finds that the VPAA can co-exist with § 504 and the ADA. As noted above, the VPAA directly ordered the FCC to establish appropriate deadlines that would establish the rate at which all broadcasters must provide closed captioning for their video programming. Section 504 and the ADA, as they relate to this case, are general statutes which prohibit discrimination against handicapped individuals by the government. Because neither § 504 or the ADA expressly deal with closed captioning, it is unclear what duties, if any, § 504 and the ADA impose on public broadcasters to make their programming accessible to the hearing impaired. Therefore, in order to give full effect to each of the statutes, the Court will require the plaintiff to exhaust his remedies under the VPAA before filing an action under the ADA and § 504.

This only makes sense because the VPAA is the latest and most specific · statute addressing a broadcaster's duty to provide closed captioning for its video programming, and the Court is merely honoring Congress's intent to allow the FCC to address any complaints under the statute. Additionally, Congress's intent in giving the FCC exclusive jurisdiction over any complaints filed under the VPAA was to promote uniformity in the area of closed captioning, and the Court's ruling recognizes this intent. Finally, on this point, the FCC has expertise in the area of broadcasting and has already taken steps to determine how much closed captioning broadcasters can reasonably provide. It

---

1. To this Court's knowledge, no court in the country has addressed this issue.

would be inefficient and a waste of judicial resources for the Court to try and reinvent the wheel and determine the proper rate at which broadcasters should be providing closed captioning for their programming.

Notwithstanding the preceding discussion, the plaintiff cites the case of *Community Television of Southern California v. Gottfried*, 459 U.S. 498, 510, 103 S.Ct. 885, 74 L.Ed.2d 705 (1983), to support his position that he should be able to sue under the ADA and § 504 without filing a complaint under the VPAA. In *Gottfried*, the Supreme Court held that the FCC is prohibited from enforcing § 504 of the Rehabilitation Act, and thus, the plaintiff argues that the FCC is precluded from deciding his § 504 claim.

The plaintiff, however, is missing the point. By forcing him to seek relief from the FCC under the VPAA, the Court is not allowing the FCC to enforce § 504, but rather requiring the plaintiff to exhaust his remedies under the VPAA before pursuing his discrimination claims under the ADA and § 504.[2] If the Court ruled any other way then the language in 47 U.S.C. § 613(h), denying private rights of action and granting the FCC exclusive jurisdiction over any complaints under the VPAA, would be rendered meaningless because every plaintiff would circumvent this provision by suing under the ADA and § 504.[3]

In summary, the Court is not denying the plaintiff his right to sue under the ADA and § 504 but merely delaying it until he has exhausted his remedies under the VPAA and given the FCC a chance to address it. Under this resolution, the congressional intent underlying the VPAA is preserved, as well as the rights of the plaintiff under section 504 and the ADA.

Because the FCC has exclusive jurisdiction over claims brought under the VPAA, the Court has no subject matter jurisdiction. *See* 47 U.S.C. § 613(h). Additionally, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted because a person cannot bring a private action to enforce a provision under the VPAA. *See* 47 U.S.C. § 613(h).

Lastly, although the plaintiff asserts that the recent amendments to the VPAA's regulations directly undermine the defendants' arguments, he fails to state how this is so. When the amendments, however, are effective, they will have no effect on the FCC's exclusive jurisdiction under the VPAA.

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [Record No. 2] be, and the same hereby is, **GRANTED.**

---

2. In other words, the Court is not saying that the FCC has jurisdiction over claims which are clearly governed by § 504 or the ADA, but rather that claims which are clearly governed by the VPAA must be pursued first through the procedural mechanisms it has established.

3. The plaintiff's claims revolve around accessibility via closed captioning. Although the plaintiff makes vague references to being denied other modifications, he never lists or explains what other reasonable modifications he has been denied.