THE STATE, EX REL. SOLLER, APPELLANT, *v.* WEST MUSKINGUM LOCAL BOARD OF EDUCATION, APPELLEE.

(No. 71-180—Decided March 8, 1972.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee* and *Mr. Timothy J. Ucker,* for appellant.

*Mr. Richard E. Bridwell,* prosecuting attorney, and *Mr. Ronald G. LaAsmar,* for appellee.

KERNS, J. The issue in this case involves the provisions of R. C. 3319.081, which was enacted, effective September 1, 1955, and the amendment thereto, which became effective on November 24, 1967.

Prior to the amendment, during the years when Soller was issued each of the two one-year contracts, R. C. 3319.-081 provided, in part, as follows:

"(A) Employees, with at least one year of service in the school district, provided their employment is continued, shall be employed for a period of not less than one year nor more than five years.

"(B) After the termination of the contract provided in division (A), and thereafter provided their employment is continued, the contract shall be for not less than two years nor more than five years."

After the amendment, at the time Soller was granted the two-year contract, the statute provided, in pertinent part, as follows:

"(A) Newly hired regular nonteaching school employees, including regular hourly rate and per diem employees, shall enter into written contract for their employment which shall be for a period of not more than one year. If such employees are rehired, their subsequent *contracts* shall be for a period of two years.

"(B) After the termination of the two-year contract provided in division (A) of this section, if the contract of a nonteaching employee is renewed, the employee shall be continued in employment * * *.

" " * * *

"(D) All employees who have been employed by a school district * * * for a period of at least three years at the time of the effective date of this section [November 24, 1967], shall hold continuing contracts of employment pursuant to this section." (Emphasis supplied.)

The appellant has failed to disclose, and we have been unable to find, any departure by the Board of Education from the duties imposed upon it by R. C. 3319.081, either prior to or after the amendment of the statute. There is nothing in the provisions of the section, prior to amendment, upon which continuing contract status might be predicated, and the amendment provided no such status because the relator had not been employed for a period of at least three years on November 24, 1967.

At the time of the amendment, Soller had only one year and three months of service, and he did not acquire continuing contract status as the result of the two-year contract entered into on June 20, 1968, pursuant to R. C. 3319.081(A), as amended, because he was timely notified by the board, according to the provisions of R. C. 3319.083, of its intention not to re-employ him.

In substance, the appellant urges herein "that any employee who acquired three years' service status as of November 24, 1967, or after that date, should be entitled to continuing employment contract status." This argument, of necessity, is based largely upon conjecture and supposition, because the General Assembly did not provide the words "or after that date," and the unequivocal language actually used militates against any interpretative analysis designed for the purpose of extending the cut-off date beyond November 24, 1967.

Furthermore, the language is susceptible to a reasonable construction. In view of the broad base for continuing-contract status provided by the amendment, and the attendant restrictions upon the authority of boards of education, it is wholly understandable that the General Assembly, at the time, would want to give each board at least

one opportunity to terminate the employment of anyone with less than three years of service.

The appellant contends further that R. C. 3319.081, as amended on November 24, 1967, is unconstitutional because it denies "equal protection of the laws," but the argument in support of this contention reflects a sense of equality which is more demanding than constitutional requirements. The constitutional guarantee of equal protection of the laws does not dispense with the right and power of the General Assembly to differentiate within reasonable limitations, and if a classification has a reasonable basis it is not rendered invalid because it does not affect all in an identical manner.

In the present case, the statute affects all similarly situated in the same manner, and, in view of its object and purpose, the distinction between those with three years of employment and those with less than three years of employment, as of November 24, 1967, is neither arbitrary nor unreasonable.

We are of the opinion that the appellant failed to show a clear legal right to the relief sought. Accordingly, the judgment of the Court of Appeals denying a writ of mandamus is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for DUNCAN, J. JUDGE KERNS of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE KERNS did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.