OPINION
Defendant-appellant Donald L. Dutiel appeals from the February 13, 2001, Judgment Entry of the County Court, Perry County, Ohio, Civil Division, which granted Summary Judgment in favor of plaintiff-appellee City of New Lexington.
 STATEMENT OF THE FACTS AND CASE
Donald L. Dutiel [hereinafter appellant] is the owner of multiple rental properties in New Lexington, Ohio. On October 21, 1999, the City of New Lexington [hereinafter appellee] filed three Small Claims actions against appellant in the Perry County Court. In each of the three suits, appellee claimed that appellant was liable for water bills that appellant's tenants failed to pay. Appellee sought $8,533.64, in total.[1]
On February 24, 2000, appellee filed an identical Motion for Summary Judgment in each of the three actions. On February 29, 2000, appellant filed a Memorandum Contra the Motion for Summary Judgment in each action. The Memorandum Contra was identical in each case. In the Memorandum Contra, appellant claimed that genuine issues of material fact were present and that the appellee was not entitled to judgment as a matter of law. The trial court granted appellee's Motion for Summary Judgment on February 13, 2001.[2]
It is from the February 13, 2001, grant of Summary Judgment that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO THE OWNERSHIP OF THE REAL PROPERTY TO WHICH THE CITY OF NEW LEXINGTON, OHIO PROVIDED WATER SERVICE.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING A MONEY JUDGMENT AGAINST DONALD L. DUTIEL WHEN NO EVIDENCE WAS PRESENTED REGARDING DAMAGES.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT DONALD L. DUTIEL WAS CONTRACTUALLY OBLIGATED TO PAY TENANTS' WATER BILLS PURSUANT TO THE CITY OF NEW LEXINGTON, OHIO'S ORDINANCE.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE CITY OF NEW LEXINGTON, OHIO'S ORDINANCE REGARDING WATER SERVICE DID NOT VIOLATE DONALD L. DUTIEL'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS.
The appeals addressed in this opinion have not been consolidated. However, each appeal contains identical issues. As a matter of judicial economy, this court will address these appeals together.
 I II
In the first assignment of error, appellant argues that the appellee failed to meet its burden of proof that appellant owns the real property where the water service was provided. Further, in assignment of error II, appellant argues that there was no evidence presented regarding damages. Therefore, appellant contends that the trial court should not have rendered summary judgment in these cases. Appellant has argued these assignments of error together in his Merit Brief and this court shall consider the assignments together.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ. R. 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record, such as pleadings, that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts that demonstrate there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429
(citing Dresher v. Burt (1966), 75 Ohio St.3d 280).
We find that appellee presented the trial court with sufficient evidence as to the ownership of the properties by appellant and as to the amount of damages, or unpaid water bills, to shift the burden to appellant to establish that there was a material issue of fact.
Appellee attached statements and copies of the unpaid water bills to the Complaints. The statements showed appellant as the property owner and the total amount of money owed to appellee. Copies of individual statements, reflecting the tenant's name, property address and balance owed were also attached to the Complaint. Some of these individual statements were addressed to appellant as the property owner while some were simply addressed to "Property Owner."
A complaint is a pleading. Civ. R. 7(A); Black's Law Dictionary. Pleadings are specifically identified in Civ. R. 56(C) as evidence upon which a trial court can rely in deciding whether to grant summary judgment. "A copy of any written instrument attached to a pleading is a part thereof for all purposes." Civ. R. 10(C). Therefore, the documents attached to the Complaint were part of the Complaint and were reviewable by the trial court in rendering summary judgment. First Federal Sav. Loan Ass'n. of Galion v. Elgin (March 29, 1995), Crawford App. No. 3-94-25, unreported, 1995 WL141525; McBroom v. Bob-Boyd Lincoln Mercury
(Jan. 30, 1997), Franklin App. Nos. 96APE6-768, 96APE1-135, unreported, 1997 WL 35527.
The Complaints, with attached statements and water bills, show that appellant is the owner of the property serviced and the outstanding balances for water services provided to the property. Thus, appellee's pleading was sufficient evidence of ownership and damages, pursuant to Civ. R. 56(C), to shift the burden to appellant to demonstrate a material issue of fact on those issues.
Appellant's Motion Contra [to Appellee's] Motion for Summary Judgment alleged that appellee failed to prove appellant owned the properties in question. However, appellant did not assert in his Motion Contra Memorandum nor by affidavit that he does not own the properties. As to appellee's claim of damages, appellant's Motion Contra merely alleged that a "genuine issue of material fact exists as to the amount [appellee] has been damaged, if any." Appellant presented no argument nor evidence regarding the alleged damages. Therefore, we conclude that appellant has not demonstrated there is a genuine issue of material fact on those issues.
Appellant's first and second assignments of error are overruled.
 III
In the third assignment of error, appellant alleges that the trial court erred when it found that appellant was contractually obligated to pay the tenants' water bills pursuant to the City of New Lexington Ordinance, 78-7. We disagree.
Appellant concedes that he has some liability for water service charges incurred by his tenants. Appellant contends that his liability is limited to delinquencies accrued by tenants, but the amount of those delinquencies is limited by Ordinance. Appellant asserts that, pursuant to New Lexington Ordinance, 78-7 [hereinafter the New Lexington Ordinance] water service should be shut off if a water bill is not paid within 40 days. Thus, appellant submits that he "should not be liable to the Appellee for amounts in excess of forty (40) days of service if a tenant failed to pay his or her water bill." Appellant's Merit Brief, page 6.
Appellant relies upon Section 3, Paragraphs D and F of the New Lexington Ordinance which states the following, in pertinent part:
 (D) WHEN METERED WATER BILLS BECOME DELINQUENT. Bills not paid within thirty (30) days of billing become delinquent. A registered letter shall be sent to the consumer informing him that he has ten (10) days to pay the bill plus a Five Dollar ($5.00) late charge. If the water bill is not paid within the ten (10) day period after receipt of the letter, or if the letter is unclaimed or refused, the water will be shut off without further notice, unless provisions for payment have been made with the Water Department.
. . .
 (F) If the owner of any premises elects to have his tenant or lessess [sic] pay the water charges as they accrue, such tenant or lessee does so as the agent of the owner and such owner shall not thereby be relieved from the payment of any delinquencies that might occur.
We disagree with appellant's assertion that Section 3, Paragraph D of the New Lexington Ordinance limits the owner's liability to 40 days of services. Nothing in Paragraph D limits an owner's responsibility to pay any unpaid bills. We find that the language relied upon by appellant does not require the City to shut the water off if a bill is not paid within 40 days of billing. Paragraph D states that a registered letter will be sent to the consumer, warning the consumer that the water service will be discontinued if the water bill is not paid within 10 days of receipt of the registered letter. However, Paragraph D does not indicate when the registered letter is to be sent. It does not say, contrary to appellant's assertion, that the City must send a notice of delinquency immediately upon a bill becoming delinquent.
A reading of the New Lexington Ordinance's language indicates that the purpose of Paragraph D is to warn a "consumer" that the water is to be shut off, not to inform a consumer that the last bill sent was not paid. Paragraph D only requires that a registered letter be sent before the City shuts off the water. The ordinance does not require the City to shut off the water if a bill is not paid within 40 days of billing.
Also, Paragraph F does not limit the owner's liability for payment of the tenant's delinquent water bills. It specifically states that, just because an owner elects to have his tenant pay water charges, the owner is not relieved from the payment of any delinquencies.
In addition, even if we accept appellant's interpretation of the Ordinance, we find that appellant failed to present evidence, as contemplated by Civ. R. 56(C), to support his contention that the city failed to shut off water service forty days after billing.
Therefore, we find that the trial court correctly found that appellant was responsible for payment of any delinquent bill not paid by his tenants.
Appellant's third assignment of error is overruled.
 IV
In the fourth assignment of error, appellant contends that the trial court erred as a matter of law when it found that the New Lexington Ordinance did not violate appellant's due process and equal protection rights. We disagree.
We will address appellant's due process issue first. Appellant claims that Section 3, Paragraph D of the New Lexington Ordinance specifically provides for notice to the consumer if a water bill is delinquent.[3]
Appellant asserts that he should have received that notice. Appellant states that there is no evidence that appellant received notice. Appellant alleges that it is "obvious" from the New Lexington Ordinance that the purpose of notice is to provide for due process protection against the interruption of water service and excessive water service charges. Appellant's Merit Brief, page 6. Appellant specifically points out that he does not contend that the Ordinance is facially unconstitutional if it is properly applied. However, appellant argues that the Ordinance established a due process requirement that notice be served upon appellant and that appellee's failure to provide notice to appellant resulted in a due process violation.
We find that appellant's argument is based upon several faulty premises. First, as discussed in assignment of error III, an owner is responsible for any water bill not paid by one of his tenants. As noted, we have found that the purpose of the notice provision in Section 3, Paragraph D of the New Lexington Ordinance is to warn a consumer that the water will be shut off if payment is not made within ten days of notice, unless other arrangements are made. We reject appellant's assertion that an additional purpose of Paragraph D is to protect against the accrual of excessive water service charges. We see no intention in the language of the New Lexington Ordinance to indicate that the purpose of Paragraph D is to protect an owner of rental property from the accrual of excessive water service charges.
Further, even when notice is sent, pursuant to Paragraph D, that notice is to be sent to the "consumer." The term "consumer" is not defined in the statute. "Consumer" is generally defined as one who "utilizes economic goods" or "uses up, . . . [or] eat[s] or drink[s]." Webster's New Collegiate Dictionary. Since it is the tenant that uses the water, the tenant would be the consumer.
The New Lexington Ordinance supports the conclusion that when an owner and tenant are involved, the tenant is the consumer. When one considers that the purpose of the notice provision is to notify someone that the water service will be shut off if payment or other arrangements are not made, it makes sense that the person to get notice of a shut off would be the user of the water, the tenant, not the owner. It is the tenant that has the most immediate need for the water service. Further, Section 3, Paragraph G of the New Lexington Ordinance states that the Water Department will mail out the water bills "as a matter of convenience to the owner or consumer." The phrasing of this paragraph indicates that the owner or consumer are not necessarily the same person.
Therefore, since we find that appellant's due process argument is based upon the faulty assertion that he failed to get notice to which he was entitled to under Paragraph D and the faulty assertion that the purpose of Paragraph D's notice provision is to protect him from accrual of excessive water service charges, appellant's argument fails.[4]
We also find that the following argument is implicit in appellant's argument; even if the language of the Ordinance does not require notice to the landlord 40 days after a bill is unpaid by the tenant, minimal due process requires it. We disagree with this argument also. We do agree that minimal due process generally requires that a person get notice of charges he or she is going to be responsible for. In the case subjudice the Ordinance specifically makes the property owner responsible for any delinquencies for unpaid water services even though an owner has elected to have the tenant pay the water charges as the owner's agent. However, by agreeing to the Ordinances, the property owner agrees that notice of the delinquency gets sent to the consumer. As we have set forth earlier in this opinion, consumer in the case sub judice is the tenant. Therefore, even if minimal due process requires immediate notice to the owner of a delinquency, appellant waived said notice by agreeing to the Ordinances.
However, we note that the New Lexington Ordinance's lack of a requirement that notice be given to the property owner of a tenant's unpaid water bill presents a due process concern for this court. Due process protects the "`fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define `the community's sense of fair play and decency.'" United States v.Lovasco (1977), 431 U.S. 783, 790. (Citations omitted). We note that at some point, delinquent water bills could conceivably accrue to such a high level that an owner's due process rights would be implicated by the lack of direct notice to the owner. The better practice would be for the Ordinance to require the appellee to provide direct notice of delinquencies to the owner as well as the tenant. This would give the owner notice and opportunity to protect his interests and mitigate his losses should a tenant fail to pay the water bills. Due process requires that the property owner be given notice within a reasonable amount of time even though the ordinance does not require the property owner-landlord to be notified at any specific time. However, we do not find that that issue has been presented by the appellant in this appeal.
Appellant also raised an equal protection argument. Appellant argued that he is a member of a class of persons engaged in the business of leasing homes in which they have an ownership interest. Appellant asserts that failure to notify such individuals of tenants' delinquent water bills, which by ordinance they are required to pay, significantly impairs their ability to engage in their business as landlords. Appellant asserts that New Lexington has no legitimate objective or interest in failing to notify property owners that their tenants are delinquent on their water service accounts. Therefore, appellant concludes that the New Lexington Ordinance must be declared unconstitutional.
In support of his argument, appellant cites the following statement of law by the Supreme Court of Ohio:
 Simply stated, the test is that unequal treatment of classes of persons by a state is valid only if the state can show that a rational basis exists for the inequality, unless the discrimination impairs the exercise of a fundamental right or establishes a suspect classification. See, e.g., McGowan v. Maryland (1961), 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 [17 O.O.2d 151], for the traditional scrutiny test; see, e.g., Shapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; Harper v. Virginia Bd. of Elections (1966), 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169; Griswold v. Connecticut
(1965), 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510
for a discussion of `fundamental interest'; and see, e.g., Graham v. Richardson (1971), 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534; Loving v. Virginia
(1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010; Oyama v. California (1948), 332 U.S. 633. . . .
* * *
 * * * Ordinarily, under the rational basis requirement, any classification based `upon a state of facts that reasonably can be conceived to constitute a distinction, or differences in state policy * * *' will be upheld. Allied Stores of Ohio v. Bowers
(1959), 358 U.S. 522, 530, 79 S.Ct. 437, 442, 3 L.Ed.2d 480 [1 O.O.2d 342]." Bd. of Edn. v. Walter
(1979), 58 Ohio St.2d 368, 373-376, 390 N.E.2d 813
[12 O.O.3d 327], certiorari denied (1980), 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644. See, also, State, ex rel. Soller, v. West Muskingum Bd. of Edn. (1972), 29 Ohio St.2d 148, 280 N.E.2d 382 [58 O.O.2d 347]; Cincinnati v. Shannon (1979), 64 Ohio App.2d 58, 61-62 410 N.E.2d 1265 [18 O.O.3d 40]; Roth v. Public Employees Retirement Bd. (1975), 44 Ohio App.2d 155, 158-159, 336 N.E.2d 448 [71 O.O.2d 240].
 Appellant's Merit Brief, page 7-8 (citing Board of Education of the City School District of the City of Cincinnati v. Walter (1979), 58 Ohio St.2d 368, 373).
We find that the New Lexington Ordinance does not violate appellant's equal protection rights. The New Lexington Ordinance allows an owner of a property to elect to have his tenant pay the water bills as they accrue, as an agent of the owner. See Section 3, Paragraph F, New Lexington Ordinance, supra. This court must presume that after such election, water bills are sent to the tenant only and not to the owner. Appellant argues that even though he elected to have the bills sent to his tenant and then paid by his tenant, he should have been sent notice of any bill not paid by his tenant. We find that the City of New Lexington does have a legitimate governmental objective or interest in not providing notice of delinquencies to the owner when that owner has elected to have the tenants pay the bills as the owner's agent.
Governments have an interest in minimizing their costs. See Weiner v.Cuyahoga Community College District (1969), 19 Ohio St.2d 35, 38. Providing notice to an owner that has elected to have the water bills sent to the tenant would increase governmental costs. Providing only a bill to the tenant, as the owner's agent, and not providing additional notice to the owner, also provides for governmental economy of action. Thus, we find that failure to provide separate notice of delinquencies to owners who have elected to have their tenants pay the water bills as they accrue furthers legitimate governmental objectives. Therefore, we find that the New Lexington Ordinance does not violate appellant's equal protection rights.
Appellant's fourth assignment of error is overruled.
The judgment of the Perry County Court is affirmed.
EDWARDS, P.J., GWIN, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Court is affirmed. Costs to appellant.
[1] In CVI 9900498, appellee sought $2,826.10. In CVI 9900499, appellee sought $2,872.90. In CVI 9900500, appellee sought $2,834.64.
[2] The trial court considered all three cases together and issued one Judgment Entry referencing each of the three actions.
[3] Appellant's claim is based upon the following language: "Bills not paid within thirty (30) days of billing become delinquent. A registered letter shall be sent to the consumer informing him that he has ten (10) days to pay the bill plus a Five Dollar ($5.00) late charge. If the water bill is not paid within the ten (10) day period after receipt of the letter, or if the letter is unclaimed or refused, the water will be shut off without further notice, unless proviseions [sic] for payment have been with the Water Department." New Lexington Ordinance, Section 3, Para. D.
[4] We note that appellant could have taken steps to protect himself. It was appellant's choice, pursuant to the Ordinance, to elect to have the tenant pay the bills in the first place. In the alternative, appellant could have elected to have the bills sent to him. Appellant could then provide the bills to the tenants, or increase the rental fees to compensate for the cost of water service.