OPINION
{¶ 1} Defendant Sean A. Whittington appeals a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, which convicted and sentenced him for driving a motor vehicle with a prohibited concentration of alcohol on his breath, in violation of R.C. 4511.19(A)(3), as in effect at the time of the offense. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred in finding that there was probable cause to arrest the defendant of omvi and in denying the appellant's motion to suppress evidence."
 {¶ 3} On August 25, 2002, appellant was cited for driving a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). On September 27, 2002, appellant was also cited for violation of R.C.4511.19(A)(3), driving with a prohibited concentration of alcohol on his breath.
 {¶ 4} On October 16, 2002, appellant filed his motion to suppress, arguing the arresting officer did not have probable cause. The trial court heard the motion to suppress on November 5, 2002, and overruled the motion to suppress on November 13, 2002.
 {¶ 5} After the trial court overruled appellant's motion to suppress, he changed his plea from not guilty to no contest.
 {¶ 6} The trial court accepted the no-contest plea, and this court does not have a transcript of the change of plea hearing.
 {¶ 7} Appellant argues the trial court improperly overruled his motion to suppress, because the only evidence the officer had was a moderate odor of alcohol. Appellant had been in an accident which was not his fault. He had been thrown from his motorcycle and exhibited various symptoms which he argues could have as easily been attributable to his injuries as to impairment because of alcohol. The arresting officer was unable to perform a field sobriety test, and no breath test was administered. Instead, while at the hospital, appellant's blood was drawn and analyzed, but only after the officer arrested him.
 {¶ 8} An officer has probable cause to arrest if the facts and circumstances within the officer's knowledge are sufficient to cause a prudent person to believe appellant committed the offense, State v.Heston (1972), 29 Ohio St.2d 151. An officer does not have to observe impaired driving but the facts and circumstances surrounding the incident must lead to the conclusion the driver was impaired.
 {¶ 9} When the driver is involved in an accident in which he or she is at fault, it is a much more straight-forward conclusion than when, as here, the other driver was cited.
 {¶ 10} The officer testified she observed a moderate odor of alcohol, coupled with slurred speech and glassy, blood-shot eyes. The officer also offered the opinion appellant had been unable to control his vehicle, which is not necessarily inconsistent with her finding the other driver caused the accident.
 {¶ 11} While it is true, as appellant asserts, certain of the indicia of impairment the officer testifies to could be attributed to his injuries, nevertheless, we find the arresting officer stated sufficient facts upon which the trial court could conclude a prudent person would find the appellant's driving was impaired.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the forgoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is affirmed, and the cause is remanded for execution of sentence.
By Gwin, P.J., Farmer, J., concurs.
Hoffman, J., concurs separately.